UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MONA G. DUHON                                                  CIVIL ACTION

VERSUS

SOUTHERN (SCRAP) RECYCLING            NO.: 14-00383-BAJ-SCR

## RULING AND ORDER

Before the Court is Defendant's **Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 5)**, filed by Southern Recycling, LLC ("SOREC"), seeking an order from this Court dismissing Mona G. Duhon's ("Duhon") claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Duhon opposes the motion, and as an alternative, requests leave to amend. (Doc. 7). SOREC filed a reply memorandum in opposition. (Doc. 11).

In opposition to the instant motion, Duhon appended an unsigned declaration to her memorandum, which adds facts not originally alleged in her Complaint. (Doc. 7-1). However, as SOREC highlights, a court is not permitted to look beyond the pleadings in ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court has discretion to accept the evidence, but to do so requires the court to treat the motion as one for summary judgment under Rule 56. *Id.* at 197. Moreover, the United States Court of Appeals for the Fifth Circuit has advised that "[w]hen the

1

extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, [but] when it is scanty, incomplete, or inconclusive, the court will probably reject it." *Isquith ex rel. Isquith v. Middle S. Utils.*, 847 F.3d 186, 194 n.3 (5th Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969)). The Court finds that Duhon's declaration falls into the latter category, and thus will not consider it. Instead, the Court will grant Duhon's alternative request for leave to amend her Complaint.

The decision to grant or deny a request for leave to amend is entrusted to the sound discretion of the district court. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citing *Avatar Exploration, Inc. v. Chevron, U.S.A.*, 933 F.2d 314, 320 (5th Cir. 1991)). However, this discretion is tempered by Rule 15, which provides that leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the Fifth Circuit has held that a motion for leave to amend should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). Such factors to consider include whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997). With "no substantial reason" to deny Duhon's request, the Court finds that

the ends of justice are best served by providing Duhon with the opportunity to amend her complaint.

Accordingly,

**IT IS ORDERED** that SOREC's **Motion to Dismiss (Doc. 5)** pursuant to Rule 12(b)(6) is **DENIED WITHOUT PREJUDICE**, to be reasserted, if SOREC so chooses, in response to Duhon's amended complaint.

**IT IS FURTHER ORDERED** that, Duhon's amended complaint shall be filed on or before **May 28, 2015**. No extensions of time will be granted.

**IT IS FURTHER ORDERED** that should SOREC choose to re-file a motion to dismiss pursuant to Rule 12(b)(6), it shall do so no later than **June 18, 2015**. For purposes of clarity, any amended motion to dismiss filed by SOREC must be complete in itself and must not incorporate by reference any prior pleading.

**IT IS FURTHER ORDERED** that Duhon's **Motion for Leave to File Signed Plaintiff Declaration (Doc. 8)** is **DENIED**.

Baton Rouge, Louisiana, this 7th day of May, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA